UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ,<br><br>              Plaintiff,<br>vs.<br><br>MOONRIDGE NEIGHBOORHOOD ASSOCIATION, INC., DEVELOPMENT SERVICES, INC., SHELLI DAYLONG, STEPHANIE CHAMBERLAIN, SHURI URQUIDI, and any other agents and employees of DEVELOPMENT SERVICES, INC., JOHN HOXSEY as an individual and any other past and present board members of the MOONRIDGE NEIGHBORHOOD ASSOCIATION, INC.,<br><br>              Defendants. | Case No. 1:19-cv-00092-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court are Defendants' Motion to Dismiss (Dkt. 3), Moonridge Neighborhood Association, Inc.'s ("Moonridge") Motion to Dismiss (Dkt. 12), and Raul Mendez's Motion for Default Judgment (Dkt. 18).[1] Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly,

---

[1] "Defendants" refers collectively to all defendants, including Moonridge. In addition to the Motion to Dismiss filed by all Defendants, Moonridge filed a separate Motion to dismiss. Counsel for Moonridge stated this second motion was filed out of an abundance of caution after Mendez served Moonridge because one of the bases for Defendants' motion was Mendez's failure to serve process. As the Court will explain, it is unnecessary to address whether this was proper.

MEMORANDUM DECISION AND ORDER - 1

the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Based on the following, the Court finds good cause to GRANT Defendants' and Moonridge's Motions to Dismiss and DENY Mendez's Motion for Default Judgment.

## II. BACKGROUND

Mendez apparently resides in a subdivision which is included in a Homeowners' Association ("HOA") run by Moonridge.[2] Residents of the Moonridge HOA are assessed an annual fee, which is a fairly common characteristic of an HOA. This fee, for Mendez, was $175 annually.[3]

Mendez questioned whether the amount of this fee was necessary, and in January 2018, he made numerous, extensive inquires to Moonridge and Development Services, Inc. ("DSI")—a company that allegedly manages the Moonridge HOA—about the financial information relating to his subdivision. For example, Mendez wanted to know with particular specificity what Moonridge did with his $175. He also requested to know if there was an annual surplus of funds and what those funds were used for. In short, it appears that Mendez unilaterally shouldered the responsibility of holding Moonridge accountable for

---

[2] Mendez does not directly allege that he is a part of the Moonridge HOA, nor does he state when he moved into the residence located within the Moonridge HOA. However, a plain reading of the Complaint implies that Mendez, during all relevant times, was a resident living in a subdivision overseen by Moonridge, and the Court will construe the pleadings this way. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (stating that courts should liberally construe pro se pleadings).

[3] Neither the Complaint, nor the briefing state whether this was the same fee charged to other residents or if this fee had been raised or lowered since Mendez began to reside in the subdivision.

how it handled its finances.

Mendez's inquiries continued for some months. Moonridge and DSI attempted to answer Mendez's questions by informing him that the Moonridge Board of Trustees was made up of volunteers, that DSI managed the day-to-day operations of Moonridge and were compensated for their work, and that the $175 fee was necessary to care for the many common areas in the community. These answers, however, did not satisfy Mendez. On April 10, 2018, Mendez informed Moonridge and DSI that he would not pay his annual fee until he knew exactly how the money was being utilized. Moonridge, however, continued to assess Mendez his fees.

In August 2018, Mendez received two demand letters seeking payment of his fees, one from DSI and one from Kimbell Gourley, an attorney Moonridge allegedly hired.[4] Mendez still refused to pay the fees, and on October 18, 2018, DSI recorded a lien against Mendez's property. Then, on January 25, 2019, Moonridge filed a small claim action in Ada County for the collection of fees and assessments against Mendez. The only parties named in the small claims action were Moonridge as the plaintiff and Mendez as the defendant. Dkt. 1-1, at 1–4.

Mendez then removed the small claim case to federal court on March 18, 2019, by filing a Notice of Removal and Counterclaim ("Notice"). Mendez counterclaims for violation of the Fair Debt Collection Practices Act ("FDCPA"), breach of the implied covenant of good faith and fair dealing, breach of contract, unjust enrichment, and

---

[4] At no time has Gourley been named as a defendant in this case.

MEMORANDUM DECISION AND ORDER - 3

intentional infliction of emotional distress. In his Notice, Mendez also added DSI, Shelli Daylong, Stephanie Chamberlain, Shuri Urquidi, John Hoxsey, and the other unnamed defendants as parties to the case caption and asserted his claims against them as well. He alleges that this Court has jurisdiction under 28 U.S.C. § 1331 due to his FDCPA claim, and that the Court has supplemental jurisdiction over all the other claims as they are derived from the same nucleus of operative fact, to wit: Moonridge's attempts to collect fees and fines from Mendez.

Defendants filed a Motion to Dismiss under Rules 12(b)(1), 12(b)(6), and 4(m) of the Federal Rules of Civil Procedure on August 12, 2019, alleging that Moonridge is not subject to the provisions of the FDCPA because they do not qualify as a debt collector, and that, as of that date, Mendez had failed to serve any of the defendants. Dkt. 3. Moonridge was subsequently served on September 10, 2019, and Moonridge filed a second motion to dismiss, essentially arguing the same points it did in its first motion. Mendez timely responded to both of these motions, and filed a motion for default judgment on October 16, 2019. Dkt. 18.

### III. LEGAL STANDARD

**A. Jurisdiction**

Federal courts are courts of limited jurisdiction. For a federal court to exercise jurisdiction over a case, that case must involve a federal question under 28 U.S.C. § 1331 or must meet the diversity requirements under 28 U.S.C. § 1332. A case involves a federal question if the action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction requires the action to be between citizens

of different states and the amount in controversy must exceed the sum or value of $75,000. *Id.* at § 1332(a). Further, it is the party asserting federal jurisdiction that must prove the case is properly in federal court. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936).

Under federal question jurisdiction, the "'well-pleaded complaint rule' . . . provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). It is the complaint only, not the answer to the complaint, that courts must look to in order to determine if the case arises under federal law. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) ("Moreover, we have declined to adopt proposals that the answer as well as the complaint . . . be consulted before a determination [is] made whether the case 'arises under' federal law." (internal quotations and citations omitted)). Similarly, "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." *Id*. at 831. The "well-pleaded-complaint rule" also applies to removal actions. *Id*. (holding that removal based on allegations in a counterclaim was improper); *Caterpillar*, 482 U.S. at 392 ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

Federal Rule of Civil Procedure 12(h)(3) states "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) "When jurisdiction may not exist . . . the court *must* raise the issue." *Washington Local Lodge No. 104 of Int'l Bhd. of Boilermakers, AFL-CIO v. Int'l Bhd. of Boilermakers,*

*Iron Ship Builders, Blacksmiths, Forgers & Helpers, AFL-CIO*, 621 F.2d 1032, 1033 (9th Cir. 1980) (emphasis added).

B.  Rule 4(m)

Rule 4 of the Federal Rules of Civil Procedure governs service of process. Pursuant to Rule 4(m), it is a plaintiff's duty to serve each defendant in the case within 90 days after filing the complaint or request a waiver or service under Rule 4(d). Fed. R. Civ. P. 4(m). This duty is not relieved simply because a case is removed from state to federal court. 28 U.S.C. § 1448. Whether service is perfected before or after removal, it is important that "all defendants are apprised of the pendency of the action in federal court and are afforded an opportunity to present their objections, so as to meet the requirements of due process." *Whidbee v. Pierce County*, 857 F.3d 1019, 1023 (9th Cir. 2017).

### IV. DISCUSSION

This case is plagued by a number of procedural errors. For example, Mendez failed to timely serve any Defendant in this case.[5] Further, Mendez has failed to properly join DSI, Shelli Daylong, Stephanie Chamberlain, Shuri Urquidi, John Hoxsey, and the other unnamed defendants as proper parties by filing a third-party complaint pursuant to Rule 14 of the Federal Rules of Civil Procedure; instead, he simply added their names to the case caption in his Notice. *McGee v Seagraves*, 2006 WL 2014142, at *2 (E.D. Cal. July 17, 2006) (holding that is was improper for the defendant to name additional parties in their petition for removal without filing a third-party complaint). "[O]ne can only remove parties

---

[5] Moonridge is the only party that Mendez has served. Service occurred 176 days after removal, which far exceeds the 90 days allotted by Rule 4(m).

to federal court if they were parties in the removed action." *Id*.

But the Court cannot address these procedural issues, along with the substantive problems of Mendez's removal, here because the Court does not have jurisdiction over this case. Here, Moonridge filed a small claims action in state court. This is the complaint that must contain a federal question for this Court to have jurisdiction. However, nowhere on the face of that complaint is there any reference to any federal law. Further, Moonridge's claims are for fees and fines Mendez owes to it and are not based on federal law. And even though Mendez includes a counterclaim for a violation of the FDCPA, the Court cannot consider the allegations in a counterclaim for jurisdictional purposes under the well-pleaded complaint rule. *Holmes,* 535 U.S. at 832. ("[W]e decline to transform the longstanding well-pleaded complaint rule into the "well-pleaded-complaint-*or-counterclaim rule.*").

In sum, this case involves a HOA attempting to collect a relatively minor amount of fees in small claims court. Because the HOA's claims do not involve a federal question, the Court does not have jurisdiction to hear the claims.[6] Further, Mendez's counterclaims cannot supply this Court with jurisdiction. As such, the Court has no authority to hear this case or make any substantive rulings on any of the pending motions. Without authority to make judgments in this case, the Court must remand it. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

---

[6] Diversity jurisdiction is also absent here, as there is no diversity of citizenship and the amount in controversy is far below $75,000. *See* 28 U.S.C. § 1332.

# V. ORDER

**IT IS HEREBY ORDERED THAT**:

1. This case is REMANDED to the Fourth Judicial District of the State of Idaho, in and for the County of Ada (Small Claims Department), Case No. CV01-19-01649.

2. All pending motions are deemed MOOT.

3. This case is closed.

DATED: December 11, 2019

David C. Nye
Chief U.S. District Court Judge