UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| RAUL MENDEZ,<br><br>               Plaintiff,<br>vs.<br><br>MOONRIDGE NEIGHBOORHOOD ASSOCIATION, INC., DEVELOPMENT SERVICES, INC., SHELLI DAYLONG, STEPHANIE CHAMBERLAIN, SHURI URQUIDI, and any other agents and employees of DEVELOPMENT SERVICES, INC., JOHN HOXSEY as an individual and any other past and present board members of the MOONRIDGE NEIGHBORHOOD ASSOCIATION, INC.,<br><br>               Defendants. | Case No. 4:19-cv-00092-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |
|---|---|

## I. INTRODUCTION

Pending before the Court is Raul Mendez's Motion for Reconsideration. Dkt. 25. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Based on the following, the Court finds good cause to DENY Mendez's Motion for Reconsideration.

## II. BACKGROUND

The Court's previous decision (Dkt. 24), which granted the defendants' Motion to Dismiss and remanded the case back to state court for lack of subject-matter jurisdiction, thoroughly reviewed the factual background of this case. That factual background is hereby incorporated by reference.

Subsequent to the Court's remand, Mendez filed the instant motion on December 20, 2019. In this motion, Mendez argues that the Court does have subject matter jurisdiction because the defendants violated federal law, specifically the Fair Debt Collection Practices Act ("FDCPA"), and that a small procedural matter—Mendez labeling his allegations as a "counter-complaint" rather than a "complaint"—should not stand in the way of his claims.

Soon thereafter, on December 23, 2019, Mendez filed a separate Complaint, Case No. 1:19-cv-00507-DCN. This Complaint essentially copies Mendez's counterclaims in this case, namely that the same defendants as the ones in this case violated the FDCPA when they attempted to collect certain HOA fees and fines.

## III. LEGAL STANDARD

It is true that "neither the Federal Rules of Civil Procedure nor the Local Rules provide for a motion to reconsider." *Magnus Pac. Corp. v. Advanced Explosives Demolition, Inc.*, 2014 WL 3533622, at *1 (D. Idaho July 15, 2014). Nevertheless, the Ninth Circuit has instructed that courts should treat motions to reconsider "as motions to alter or amend under Federal Rule of Civil Procedure 59(e)." *Id*. (citing *Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419 (9th Cir. 1984)). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an

'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). Accordingly, a district court should only grant a motion for reconsideration if (1) it "is presented with newly discovered evidence," (2) it "committed clear error," or (3) "there is an intervening change in the controlling law." *Id*. (citation omitted). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id*. "Whether or not to grant reconsideration is committed to the sound discretion of the court." *See Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

## IV. DISCUSSION

Here, it appears Mendez is arguing that the Court committed a clear error. In large part, Mendez reargues the same points that he argued in his Motion to Dismiss; that he has a right to certain financial information in the defendants' possession, that small claims court is not proper because it lacks discovery and formal pleading, and that this Court may exercise jurisdiction over the case under 28 U.S.C. § 1331. However, Mendez "also understands that . . . the U.S. Supreme Court has held [decisions on removals] [have] to be based on the well pleaded complaint [rule]." Dkt. 29, at 7.

These substantive arguments are still unpersuasive and do not rise to the level needed for the Court to grant a motion for reconsideration. The Court's previous decision was not a substantive one, but a procedural one, and Mendez has nor argued that the Court

made a clear procedural error. Although Mendez again argues that substantively the Court has jurisdiction, he concedes that the Supreme Court has provided authority supporting the Court's previous decision.

Even if the Court did reconsider its previous decision, Mendez has not provided any authority that supports his position that the Court may look at his counterclaims in determining its jurisdiction in a removal action. Without opposing authority, the Court's previous decision is plainly correct; a federal court must base its jurisdiction in a removal off the facts and allegations contained in the underlying complaint, not in an answer or a counter-complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) ("Moreover, we have declined to adopt proposals that the answer as well as the complaint . . . be consulted before a determination [is] made whether the case 'arises under' federal law."). As such, Mendez's Motion for Reconsideration is DENIED.

Notwithstanding, "Mendez believes that the solution is for him to file a complaint directly in federal court as an actual complaint rather than a 'removal/counterclaim.'" Dkt. 29, at 7. Mendez put this belief into practice on December 23, 2019, by filing a separate complaint. As the Court never dismissed any of Mendez's counterclaims at any time in this case, filing this complaint is certainly within his rights. However, the merits of Mendez's Complaint in Case No. 1:19-cv-00507-DCN will not be addressed here but will be addressed in that case.

# V. ORDER

**IT IS HEREBY ORDERED THAT**:

1. Mendez's Motion for Reconsideration is DENIED.

DATED: February 11, 2020

David C. Nye
Chief U.S. District Court Judge